NORTHROP v. SIMPSON.

INJUNCTION.—When an interlocutory injunction granted in a suit for perpetual injunction is not essential to the protection of any legal right of the plaintiff pending the litigation, the Circuit Judge exercises a sound discretion in dissolving it on motion.

Before Townsend, J., Spartanburg, January, 1904. Affirmed.

Action by Rt. Rev. H. P. Northrop, Bishop of Charleston, against J. W. Simpson. From order dissolving interlocutory injunction, plaintiff appeals.

*Messrs. Sanders & DePass* and *J. Bowie Gwynn,* for appellant, cite: *Temporary injunction should not be dissolved before answer:* 2 High on Inj., 3 ed., par. 1467; 2 Spel. on Inj., sec. 1037. *Error to dissolve on ex parte affidavits:* 2 High on Inj., sec. 1509, 1512; 2 Spell. on Inj., par. 1019; 42 S. C., 101; 51 S. C., 435; 54 S. C., 457; 62 S. C., 196. *Non user or non action of city council is not abandonment of street:* 45 S. C., 269; 57 S. C., 507; 7 Rich., 450.

*Messrs. Simpson & Bomar,* contra, cite: *Injunction properly dissolved on facts: Cherry* v. *Rock Hill,* 48 S. C.; *and on motion:* Code, 246; 34 S. C., 353; 33 S. C., 412; 27 S. C., 415; 3 Wait's Ac. and Def., 682, 688; 2 High on Inj., 3 ed., 1467, 1468.

August 20, 1904. The opinion of the Court was delivered by

Mr. Justice Woods. While the Court finally adjudges nothing as to the issues of fact involved in the action, in considering this appeal from an order dissolving an injunction, it is necessary to make a brief statement of the facts as they are set out in the complaint and affidavits. Mrs. Mary Owens Dean, with a view to disposing of a valuable tract of land in the city of Spartanburg, had it surveyed and marked off into lots and proposed streets. Subsequently two of these lots, fronting on Dean street, were acquired by the Catholic Church, which erected its house of worship on the most southerly, known as lot No. 5. Adjoining lot No. 5 on the south and extending back its full length, is an open and unoccupied space or way sixty feet wide and shut in at the rear by a fence. One of the streets indicated on Mrs.

Dean's plat was projected from Dean street, taking the land in the open space above mentioned, and continuing on to Alabama street, over the land now in dispute. This street, as indicated on the plat, has never been in actual use over the lands claimed by the defendant, nor was it ever accepted by the city council, the petition to that end not having been acted on. In October, 1903, Hosea J. Dean, Jr., who held under Mrs. Mary Owens Dean, conveyed the portion of this proposed street which opened out on Alabama street, to the defendant, J. W. Simpson, who, after giving notice to the agents of the church to keep off the lot, began to erect a dwelling house thereon. Bishop Northrop, as representative of the Catholic Church, claiming that the open space or way adjoining the church lot, with its projected continuation to Alabama street, was dedicated as a street, and intended by Mrs. Dean to remain forever open as such across the Dean lands, and that the church had an easement therein by reason of its having purchased the adjacent lot, commenced this action against the defendant to have him "perpetually restrained and enjoined from erecting permanent improvements, such as a dwelling house, or from closing up that portion of said street which opens out on Alabama street, and for such other and further relief as to this honorable Court may seem fit and proper."

On October 30, 1903, Judge Townsend granted a temporary injunction without notice, on plaintiff's *ex parte* application. Defendant's attorneys then served notice of their intention to move for an order to have the injunction dissolved. The motion was heard on the complaint and affidavits at Spartanburg, on the 7th and 8th of January, 1904, before Judge Townsend, who passed an order dissolving the injunction. From this order plaintiff appealed.

It does not appear from the affidavits that the land on which the defendant is about to build a house has ever been used as a street by the public or by the congregation of the Catholic Church, although the alleged dedication by Mrs. Dean was in 1878. On the contrary, it does appear the

defendant is in possession, and he and his grantors have had the land under fence and in use for pasturage for twenty-five years. There is a serious contest as to the right of the church to have the street opened, involving controversy as to the facts, and perhaps grave legal questions. In these circumstances, the Court should require a strong showing of irreparable injury to the plaintiff before enjoining the defendant from using the land in his possession pending the litigation. The irreparable injury alleged is the contemplated building of a house on the land which would be embraced in the street when actually laid off. If the house is built, and the right to the street established by the judgment of the Court, the defendant would suffer great loss, because he would have deliberately assumed the risk and spent his money for the construction, with a suit pending against him involving his right to the land, and so would not be entitled to the least consideration as against the plaintiff or others interested in the alleged dedication of the land as a street. But the plaintiff will suffer no irreparable loss from the construction of the house, because if the right to the street should be hereafter established by a judgment of the Court, he will be entitled to an injunction against the obstruction which would be equivalent to a mandatory injunction, requiring the plaintiff to remove it at his own expense, or to some like appropriate remedy. The interlocutory injunction was, therefore, not essential to the protection of any legal right of the plaintiff pending the litigation, and the Circuit Judge exercised a sound discretion in dissolving it. See *Alderman* v. *Wilson,* 69 S. C., 156, and authorities there cited.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.